# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MAJOR SEAN BARNETT,

                      Plaintiff,        :        Case No. 3:25-cv-070

  - vs -                                          Magistrate Judge Michael R. Merz

UNITED STATES AIR FORCE, et al.,

                      Defendants.     :

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

This case is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (ECF No. 12). Plaintiff opposes the Motion (ECF No. 14). Defendants filed a Reply Memorandum in Support (ECF No. 18). Plaintiff sought (ECF No. 20) and received (ECF No. 31) permission to file a surreply, but has not done so.

The parties have unanimously consented to Magistrate Judge exercise of jurisdiction under 28 U.S.C. § 636(c) and the case has been referred on that basis (ECF No. 35). Hence both pending Motions are within the decisional authority of the undersigned.

Defendants' Motion is made both under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The question of subject matter jurisdiction is foundational and should be decided first. Having considered the parties' filings, the Court concludes Plaintiff has failed to identify an applicable waiver of sovereign immunity by the United States. Accordingly, Defendant's Motion to Dismiss under

1

Fed.R.Civ.P. 12(b)(1) is GRANTED and the Clerk will enter judgment dismissing the Complaint without prejudice for lack of subject matter jurisdiction. This renders Defendants' Motion to Dismiss for failure to state a claim moot.

The case is also before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 16) which the United States opposes (ECF No. 18). The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.   See also *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019); *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*,

978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

To allow Plaintiff's proposed amendment would require the Court to recognize an extension of the doctrine adopted in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Extension of *Bivens*-like remedies beyond the specific context in *Bivens* itself it arose requires detailed analysis of context and whether Congress should be left to create remedies. *Ziglar v. Abbasi*, 582 U.S. 120 (2017). In its most recent discussion of this question, the Supreme Court counsels caution in extending *Bivens*. *Egbert v. Boule,* 596 U.S. 482 (2022). Given that no other court has created a *Bivens*-like remedy for the actions of which Dr. Barnes is accused by Plaintiff, this Court declines to recognize such an action. Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 16) is DENIED.

August 13, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge