# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MAJOR SEAN BARNETT,

                Plaintiff,        :       Case No. 3:25-cv-070

  -  vs  -                        Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                Defendant.        :

---

## DECISION AND ORDER

---

This case is before the Court on Plaintiff's Combined Motion For Relief From Judgment Under Rule 60(B)(1) And (6) and For Leave To File Amended Complaint Under Rule 15(A)(2)(ECF No. 41).  Defendants oppose the Motion (ECF No. 47) and Plaintiff has filed a Reply in support (ECF No. 49).

The parties unanimously consented to plenary Magistrate Judge jurisdiction and the case was referred on that basis (ECF No. 35).

Fed. R. Civ. P. 60(b) (1) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect;" Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455

1

(6th Cir. 2002). In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F .3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.)

Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc)(vacated on other grounds, 545 U.S. 1151 (2005), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988). It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950).

Having reviewed the arguments by both parties, the Court is not persuaded that it made a substantive error of law in dismissing the case or that exceptional circumstances warrant relief from the judgment. Accordingly Plaintiff's Motion to Vacate is DENIED and his Motion to Amend is DENIED AS MOOT.

February 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

3